Electronically Filed
Intermediate Court of Appeals
CAAP-14-0001136
22-JAN-2016
07:52 AM

NO. CAAP-14-0001136

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

LARRY J. ORTIZ, Petitioner-Appellant, v.
STATE OF HAWAI'I, Respondent-Appellee

APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(S.P.P. NO. 13-1-0036; CRIMINAL NO. 88-0459)

SUMMARY DISPOSITION ORDER
(By: Nakamura, Chief Judge, Foley and Leonard, JJ.)

Petitioner-Appellant Larry J. Ortiz (**Ortiz**) appeals
from the Order Dismissing Petition to Vacate, Set Aside, or
Correct Judgment or to Release Petitioner from Custody, filed on
August 21, 2014, in the Circuit Court of the First Circuit
(**Circuit Court**).[1]

On October 4, 1988, Ortiz was convicted of two counts
of Robbery in the First Degree, two counts of Kidnapping,
Burglary in the First Degree, and Possession of Firearm by a
Person Convicted of Certain Crimes. The Circuit Court granted
the State's July 29, 1988 Motion for Extended Term of

---

[1]     The Honorable Glenn J. Kim presided.

Imprisonment and sentenced Ortiz to an extended term of life imprisonment with the possibility of parole for each Robbery in the First Degree and Kidnapping conviction, and twenty years each for Burglary in the First Degree and Possession of Firearm by Person Convicted of Certain Crimes. All of the sentences were imposed concurrently.

On August 15, 1989, the supreme court affirmed Ortiz's convictions after concluding that the Circuit Court did not err by refusing to consider his oral motion to suppress made at the time an officer was to take the stand, did not err by allowing the jury to decide whether the Kidnapping offenses were class A or B felonies, and did not err by not allowing Ortiz to represent himself. The supreme court also concluded that there was no merit in Ortiz's contention that a mistrial should have been declared because the jury observed him in prison attire during trial.

On November 20, 2007, Ortiz filed a Petition to Vacate, Set Aside, or Correct Judgment or to Release Petitioner from Custody (**First Petition**), pursuant to Rule 40 of the Hawai'i Rules of Penal Procedure (**HRPP**). Ortiz alleged that the indictment failed to include aggravating circumstances and that his extended sentence was illegal.

On May 2, 2008, the Circuit Court issued Findings of Fact, Conclusions of Law, and Order Denying Hearing on Petition for Post-Conviction Relief, which denied the First Petition.

On September 25, 2009, this court affirmed the denial of the First Petition.

On December 23, 2013, Ortiz filed another Petition to Vacate, Set Aside, or Correct Judgment or to Release Petitioner from Custody (**Second Petition**). Ortiz asserted that: (1) his two life sentences violate the Eighth Amendment of the United States Constitution because the sentences constitute cruel and unusual punishment; (2) his extended terms of imprisonment violate the Sixth Amendment of the United States Constitution, Hawaii Revised Statutes (**HRS**) § 706-662 (Supp. 1986), and the Hawai'i Constitution; (3) he was convicted and sentenced for two robberies stemming from a single event which constitutes cruel and unusual punishment in violation of the Eighth Amendment of the United States Constitution and HRS § 708-840; (4) he received ineffective assistance of counsel because (a) his attorney's attempt to withdraw was denied and he wanted to obtain alternate counsel, (b) his counsel failed to object to his illegal sentences, and (c) he was not made aware that his counsel filed an appeal until twenty years later because he was not provided a copy of the document; (5) the elements of Kidnapping are repetitive and overlap the elements of Robbery, and thus, the Kidnapping convictions should be vacated because it was committed incidentally as a byproduct of the robbery offenses; (6) his right to due process and equal protection were violated because his "Attempts to present claims before the court(s) have gone unanswered, unrepresented and/or ignored"; (7) he was subjected to malicious prosecution, his right to equal protection was violated, and it was an abuse of process because after he rejected a plea offer, the State requested an illegal life

3

sentence; (8) his counsel failed to claim that his rights to a speedy trial and compliance with HRPP Rule 48 were violated; (9) fair notice was not provided that the State would seek an extended sentence because the aggravating circumstances were not within the indictment or provided at trial, and (10) the jury should have been instructed that Kidnapping was an included offense of Robbery.

On August 21, 2014 the Circuit Court denied the Second Petition.

On appeal, Ortiz raises the same claims as in the Second Petition.

Upon careful review of the record and the briefs submitted by the parties, and having given due consideration to the arguments advanced and the issues raised by the parties, we resolve Ortiz's points of error as follows:

Ortiz's convictions were affirmed on direct appeal on August 15, 1999. Ortiz's First Petition was denied and the denial was affirmed by this court on September 25, 2009. Ortiz failed to prove the existence of extraordinary circumstances to justify his failure to raise the issues in the Second Petition on direct appeal or in the First Petition. Therefore, the issues in the Second Petition are waived and relief pursuant to HRPP Rule 40 is not available. HRPP Rule 40(a)(3). Even if Ortiz did not waive the claims in the Second Petition, they are without merit for the following reasons.

(1) "A penalty which is legal under the applicable sentencing statute is generally held not to be cruel and unusual,

4

if the statute itself is constitutionally valid." State v. Iaukea, 56 Haw. 343, 359, 537 P.2d 724, 735 (1975). Ortiz does not argue that the sentence of life imprisonment with the possibility of parole is based upon an unconstitutional statute. Ortiz was sentenced to life imprisonment with the possibility of parole as an extended term for four separate convictions. In Iaukea, the supreme court ruled that a life sentence with the possibility of parole imposed as an extended term does not amount to cruel and unusual punishment under the Eighth Amendment of the United States Constitution and Article I, Section 9 of the Constitution of the State of Hawai'i. Id. at 358, 537 P.2d at 734. Therefore, Ortiz's first point of error is without merit.

(2) The requirement that a jury must determine whether the criteria in HRS § 706-662 is satisfied was not recognized until 2007, in State v. Maugaotega, 115 Hawai'i 432, 168 P.3d 562 (2007). Maugaotega does not apply retroactively to Ortiz's collateral attack of his extended term sentences. Loher v. State, 118 Hawai'i 522, 534-38, 193 P.3d 438, 450-54 (App. 2008), overruled in part on other grounds in State v. Auld, 136 Hawai'i 244, 361 P.3d 471 (2015). Therefore, the imposition of extended terms of imprisonment pursuant to HRS § 706-662 in Ortiz's case, in 1988, was not improper.

(3) Ortiz was convicted of robbing two different complaining witnesses. Thus, Ortiz may be convicted of two counts Robbery in the First Degree, even if the crimes occurred during the same event. Therefore, Ortiz's two convictions for Robbery in the First Degree do not constitute cruel and unusual

punishment in violation of the Eighth Amendment of the United States Constitution, as alleged by Ortiz.

(4) Ortiz was represented by the same counsel at trial and on direct appeal. The record indicates that his attorney attempted to withdraw because Ortiz demanded that he be allowed to represent himself at trial, not because Ortiz wanted alternative counsel. On direct appeal, the supreme court found that Ortiz's claim that the Circuit Court erred by not permitting Ortiz to represent himself was without merit. Ortiz's sentence was not illegal, and therefore, Ortiz's counsel was not ineffective for failing to object to an illegal sentence. Ortiz failed to present any facts or argument that his being unaware that his counsel filed a direct appeal resulted in a withdrawal or substantial impairment of a potentially meritorious defense. Therefore, Ortiz failed to satisfy his burden of establishing ineffective assistance of counsel. State v. Antone, 62 Haw. 346, 348-49, 615 P.2d 101, 104 (1980).

(5) In State v. Correa, 5 Haw. App. 644, 648-49, 706 P.2d 1321, 1325 (1985), this court held that "a kidnapping that is necessarily and incidentally committed during a robbery cannot be the basis of a charge of kidnapping in addition to a charge of robbery." "Conversely, a kidnapping that was not necessarily and incidentally committed during a robbery may be charged as a separate offense in addition to the robbery charge." Id. In Correa, this court affirmed a defendant's convictions for both kidnapping and robbery because there was substantial evidence that a kidnapping extended beyond the acts of kidnapping that

6

necessarily and incidentally were committed during robberies when a defendant locked several victims in a store bathroom while also taking jewelry and cash and demanding money from a customer. Id. at 645, 648-49, 706 P.2d at 1322, 1325. In his Second Petition and on appeal, Ortiz claims that the elements of Kidnapping are repetitive and overlap Robbery and that the kidnapping was incidental to the robbery offenses. However, Ortiz fails to state any facts to support his claim. Therefore, the claim is without merit.

(6) The supreme court decided Ortiz's direct appeal on August 15, 1989. On May 2, 2008, the Circuit Court issued Findings of Fact, Conclusions of Law, and Order Denying Hearing on Petition for Post-Conviction Relief which denied Ortiz's First Petition. On September 25, 2009, this court affirmed the denial of the First Petition. On August 21, 2014, the Circuit Court denied the Second Petition. Thus, Ortiz's claim that his attempts at presenting his claims have gone unanswered by various courts is without merit.

(7) Due process requires that the State abide by the terms of a plea agreement. State v. Miller, 122 Hawai'i 92, 100, 223 P.3d 157, 165 (2010). However, absent a binding plea agreement, the State is not barred from requesting an extended sentence pursuant to HRS § 706-661 (1985). Therefore, Ortiz's claim that his equal protection rights were violated, or that his prosecution was malicious and an abuse of process, because the State sought an extended sentence, is without merit.

7

(8) Ortiz was indicted on March 23, 1988, for the crimes upon which he was convicted. Ortiz was arrested on March 24, 1988. Ortiz's trial commenced on July 5, 1988. Ortiz's trial commenced within six months from the date of his arrest or indictment. Therefore, HRPP Rule 48 was not violated. "Whether the Government has violated an accused's right to a speedy trial is determined by applying the four-part test articulated in Barker v. Wingo, 407 U.S. 514, [92 S.Ct. 2182, 33 L.Ed.2d 101] (1972)[.]" State v. Lau, 78 Hawai'i 54, 62, 890 P.2d 291, 299 (1995). "The four factors to be considered in determining whether dismissal is warranted are: (1) length of the delay; (2) reasons for the delay; (3) defendant's assertion of his right to speedy trial; and (4) prejudice to the defendant." Id. A delay in trial of at least six months is sufficient to warrant inquiry into the other factors. Id. at 63, 890 P.2d at 300. However, in this case, the delay in trial did not exceed six months. Thus, inquiry into the other factors was not warranted. Even if Ortiz's counsel failed to claim that his right to a speedy trial was violated, it does not appear that the failure to assert such a claim resulted in the loss or substantial impairment of a potentially meritorious defense. Antone, 62 Haw. at 348-49, 615 P.2d at 104.

(9) As stated above, the requirement that a jury determine whether the criteria in HRS § 706-662 are satisfied is not retroactive and thus, does not apply to Ortiz. Ortiz's claim that notice must be provided in the charging instrument that the State is seeking extended term sentencing was previously ruled

upon in his First Petition. Therefore, relief is not available. HRPP Rule 40(a)(3). In addition, in State v. Jess, 117 Hawai'i 381, 396-400, 184 P.3d 133, 148-152 (2008), the court announced a new rule that when the State seeks to impose an extended term of imprisonment it must be included in the charging instrument. However, the court in Jess also held the rule was only prospective. Id. at 400-04, 184 P.3d at 152-56. Thus, Jess does not apply to Ortiz's case.

(10) "Pursuant to HRS § 701-109(4)(a) an uncharged offense is included within a charged offense if the former "is established by proof of the same or less than all of the facts required to establish the commission" of the latter. Put differently, the uncharged offense is an "included" offense under HRS § 701-109(4)(a) if it is impossible to commit the charged offense without also committing the uncharged offense." State v. Kinnane, 79 Hawai'i 46, 55, 897 P.2d 973, 982 (1995) (citing State v. Alston, 75 Hawai'i 517, 533, 865 P.2d 157, 166 (1994)). Kidnapping is not an included offense of Robbery in the First Degree because a person may be convicted of Robbery in the First Degree without necessarily committing Kidnapping. Therefore, Ortiz was not entitled to a jury instruction that Kidnapping is an included offense of Robbery in the First Degree.

Therefore, the Circuit Court's August 21, 2014 Order Dismissing Petition to Vacate, Set Aside, or Correct Judgment or to Release Petitioner from Custody is affirmed.

DATED: Honolulu, Hawai'i, January 22, 2016.

On the briefs:

Larry J. Ortiz,
Petitioner-Appellant, *pro se.*

Brian R. Vincent,
Deputy Prosecuting Attorney,
City and County of Honolulu,
for Respondent-Appellee.

Chief Judge

Associate Judge

Associate Judge